**FILED**

**03/08/2022**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

KEVIN VAN LEER
Plaintiff

v.                                                    Cause No.    1:22-cv-462-JRS-MPB

CENTURION HEATLH OF INDIANA, LLC,
 R. RANSON, M. DODD, STEPHANIE MCCORD,
In Their Individual and Official Capacities
Defendant(S)

### <u>COMPLAINT AND REQUEST FOR TRIAL BY JURY</u>

Now into Court comes Plaintiff, Kevin Van Leer, pro-se, and files this complaint and

request for Trial by Jury against the Defendants, and alleges as follow:

I.                          <u>**NATURE OF THE ACTION**</u>

Mr. Kevin Van Leer brings this action in order to recover damages based upon:

    a.  Deprivation of rights protected under 42 U.S.C. § 1983, specifically violations of Mr.
Kevin Van Leer's rights guaranteed under the Eighth Amendment extended and guaranteed
to him through the Fourteenth Amendment, and Supplemental State Tort Claim.

    b.  Mr. Kevin Van Leer seeks damages, declaratory judgment, costs and attorney fees
associated with bringing this suit, as well as punitive damages, incurred as a proximate
result of the Defendant's action.

II.                          **JURISDICTION AND VENUE**

1.  This suit is brought and jurisdiction lies pursuant to 28 § U.S.C. 1331, 1332, 1343, and 2201.
    This Court is a legal action for damages pursuant to 42 § U.S.C. 1983 and supplemental state
    tort claims.

2.  This court has jurisdiction over the supplemental state claims set out herein pursuant to 28
    U.S.C. § 1367.

3.  All Defendants reside, may be found, or transact business with the Southern District of
    Indiana.

4.  This Court has personal jurisdiction over the Defendants who at all times relevant conducted
    business in Madison County, Indiana.

5.  Venue is appropriate in this Court because of the proximity of this Court to Madison County,
    Indiana.

III.                              **PARTIES**

6.  Plaintiff, Kevin Van Leer is a person of the full age of majority and at all times relevant is
    incarcerated in the Correctional Industrial Facility "CIF" located at 5124 W. Reformatory Rd.
    / Pendleton, Indiana 46064 and is a resident of Madison County Indiana.

7.  Defendant Centurion of Indiana, LLC, Renee Ransom is a person of the full age of majority
    and at all times relevant is responsible for all Health Service Administrator management
    matters occurring at CIF Health Care Unit in Pendleton Indiana.

8.  Defendants are employees of the Centurion of Indiana, LLC, a sub governmental entity and is tasked with operating the Correctional Industrial Facility "CIF" at Pendleton Indiana.

9.  Defendant Renee Ransom ("Ransom") is a person of full age of majority and at all times relevant is a Health Service Administrator for or otherwise employed by Centurion of Indiana, LLC, at C.I.F. located in Pendleton Indiana.

10. Defendant M. Dodd ("Dodd") is a person of full age of majority and at all-time relevant is the Administrator over all the nursing staff or otherwise employed by Centurion of Indiana, LLC at C.I.F. located in Pendleton Indiana.

11. Defendant Stephanie McCord ("McCord") is a person of full age of majority and at all-time relevant is the Administrator over the pharmacy department or otherwise employed by Centurion Health of Indiana, LLC at C.I.F. located in Pendleton Indiana.

## IV.                               FACTS

12. On or about January 24, 2022, Plaintiff ("Van Leer") went to the Centurion Health of Indiana, LLC, Health Care services at C.I.F. in Pendleton Indiana to see the nurse.

13. The nurse had a health care request slip from the Plaintiff stating that he had tested positive for covid-19 omicron variant on 1-5-22 and was having problems breathing and had headaches "congestive lungs & headaches" , weakness of muscles, excessive perspiration of hands and feet, urinating bladder problems, and stomach & weight gain problems.

14. The Plaintiff told the nurse that he (Van Leer) had received some medication for this condition on the day he left quarantine on1-11-22.

15. The Defendant look into the Centurion of Indiana, LLC, computer system to see what kind of medication was prescribed for the Plaintiff.

16. The Defendant stated that there was no order placed for any medication for the Plaintiff (Van Leer).

17. The Defendant went to the pharmacy department to see if there were any records of the medication given to the Plaintiff.

18. The Plaintiff told the nurse that he had signed for the medication on 1-11-22. (See camera footage in "A unit cell 10B - 4D")

19. The nurse came back to the Plaintiff with this "Medication Administration Record" document (Exhibit A) and asked the Plaintiff if this was his signature on the document.

20. The Plaintiff stated that this was the document that he had signed for the medication "Terbinafine 250 mg. ".

21. The Defendant stated that this medication was for fungus and should not be taking it for covid-19 omicron variant symptoms.

22. The Plaintiff had been taking this medication for over (13) days and this is why the Plaintiff had gotten sick and was not recovering from covid-19 omicron variant very fast.

23. The Defendant asked the Plaintiff to bring this medication back to the health care department the next morning.

24. The Plaintiff did return the unused amount of medication back to the health care department.


V.                      **EXHAUSTION OF AVAILABLE REMEDIES**


Plaintiff exhausted his administrative remedies in for this civil complaint.

**VI.**                           **CAUSE OF ACTION**

Cause of action I. Through IX.
Violations of 42 U.S.C. § 1983

Mr. Van Leer re-assert, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 24 this complaint, as if those statements were fully articulated within this cause of action.

25. Pursuant to 42 U.S.C. § 1983, persons deprived of federal constitutional rights may bring a private action for damages against private sub-contractors of IDOC.

26. In order to prove a claim under 42 U.S.C. § 1983, a Plaintiff must demonstrate that *(1) the defendant deprived him of a right secured by the constitution or any law of the United States, and (2) the deprivation of that right resulted from the Defendant acting under color of law.*

27. An inmate must meet a two part test to prove a constitutional deprivation of medical unsafe treatment created by giving the wrong medication. *(1) that medical treatment needs were "objectively, sufficiently serious," from giving out the wrong medication and (2) that a government official was deliberately indifferent to those needs.*

Cause of action I. Violations of 42 U.S.C. § 1983
As to Defendant Defendant R. Ransom ("Ransom")

28. At all times relevant, Defendant R. Ransom ("Ransom") was responsible for Health Service Administrator management "controlling of all medical staff" and to ensure the safety and care of the offenders in their care.

29. The Defendant R. Ransom ("Ransom") as an official Administrator over all Centurion Health of Indiana, LLC, medical staff is obligated to exercise reasonable care to preserve the life, health, and safety of the offender at "CIF". Especially covid-19 omicron variant.

30. Mr. Van Leer has been harmed by the Defendant R. Ransom ("Ransom"), by and through its employee's actions in the course and scope of their duties, by failure to provide the correct prescription medication and adequate health care needs for covid-19 omicron variant.

31. Defendant R. Ransom ("Ransom"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by deliberate indifference to Mr. Van Leer's needs and resulting in his injuries, specifically by their failure to promulgate, implement, and maintain and / or follow medical policies, procedures in how to order and give out correct prescription medication.

32. Defendant R. Ransom ("Ransom"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by their failure or refusal to promulgate, implement, and maintain and / or follow medical policies and procedures to provide reasonable, timely, and safe medical treatment procedures for his clearly evident seriously medical condition covid-19 omicron variant or health needs.

33. Defendant R. Ransom ("Ransom"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by their failure or refusal to promulgate, implement, and maintain and / or follow medical policies and procedures designed to provide offenders and particularly

Mr. Van Leer's reasonable, timely, and safe medical treatment procedures for his clearly evident seriously medical, covid-19 omicron variant health needs.

## Cause of action II. Violations of 42 U.S.C. § 1983
## As to Defendant M. Dodd ("Dodd")

34.  At all times relevant, Defendant M. Dodd ("Dodd") was responsible for Health Service Administrator management of all medical nurses and to ensure the safety and care of the offenders in their care.

35.  The Defendant M. Dodd ("Dodd") as an official Administrator over all Centurion Health of Indiana, LLC, medical nurses is obligated to exercise reasonable care to preserve the life, health, and safety of the offender at "CIF".

36.  Mr. Van Leer has been harmed by the Defendant M. Dodd ("Dodd"), by and through its employee's actions in the course and scope of their duties, by failure to provide the correct prescription medication and adequate health care needs for covid-19 omicron variant.

37.  Defendant M. Dodd ("Dodd"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by deliberate indifference to Mr. Van Leer's needs and resulting in his injuries, specifically by their failure to promulgate, implement, and maintain and / or follow medical policies, procedures in how to order and give out correct prescription medication for covid-19 omicron variant..

38.  Defendant M. Dodd ("Dodd"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by their failure or refusal to promulgate, implement, and maintain and / or follow medical policies and procedures to provide reasonable, timely, and safe

medical treatment procedures for his clearly evident seriously medical condition of covid-19 omicron variant or health needs.

39. Defendant M. Dodd ("Dodd"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by their failure or refusal to promulgate, implement, and maintain and / or follow medical policies and procedures designed to provide offenders and particularly Mr. Van Leer's reasonable, timely, and safe medical treatment procedures for his clearly evident seriously medical condition for covid-19 omicron variant, health needs.

Cause of action III. Violations of 42 U.S.C. § 1983
As to Defendant Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,")

40. At all times relevant, Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,") was responsible for all Health Service and Administrator Management of all medical staff and to ensure the safety and care of the offenders in their care.

41. The Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,") as an official Administrator over all Centurion of Indiana, LLC, medical staff is obligated to exercise reasonable care to preserve the life, health, and safety of the offender at "CIF".

42. Mr. Van Leer has been harmed by the Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employee's actions in the course and scope of their duties, by failure to provide the correct prescription medication and adequate health care needs for covid-19 omicron variant.

43. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by deliberate

indifference to Mr. Van Leer's needs and resulting in his injuries, specifically by their failure to promulgate, implement, and maintain and / or follow medical policies, procedures in how to order and give out correct prescription medication for covid-19 omicron variant..

44. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by their failure or refusal to promulgate, implement, and maintain and / or follow medical policies and procedures to provide reasonable, timely, and safe medical treatment procedures for his clearly evident seriously medical condition of covid-19 omicron variant or health needs.

45. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by their failure or refusal to promulgate, implement, and maintain and / or follow medical policies and procedures designed to provide offenders and particularly Mr. Van Leer's reasonable, timely, and safe medical treatment procedures for his clearly evident seriously medical condition for covid-19 omicron variant, health needs.

Cause of action IV. Violations of 42 U.S.C. § 1983
As to Defendant Stephanie McCord ("McCord")

46. At all times relevant, Defendant Stephanie McCord ("McCord") was responsible for Health Service Administrator management "control over the pharmacy department" and to ensure the safety and care of the offenders in their care.

47. The Defendant Stephanie McCord ("McCord") as an official Administrator over the pharmacy department is obligated to exercise reasonable care to preserve the life, health, and safety of the offender at "CIF". Especially covid-19 omicron variant.

48. Mr. Van Leer has been harmed by the Defendant Stephanie McCord ("McCord"), by and through its employee's actions in the course and scope of their duties, by failure to provide the correct prescription medication and adequate health care needs for covid-19 omicron variant.

49. Defendant Stephanie McCord ("McCord"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by deliberate indifference to Mr. Van Leer's needs and resulting in his injuries, specifically by their failure to promulgate, implement, and maintain and / or follow medical policies, procedures in how to order and give out correct prescription medication.

50. Defendant Stephanie McCord ("McCord"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by their failure or refusal to promulgate, implement, and maintain and / or follow medical policies and procedures to provide reasonable, timely, and safe medical treatment procedures for his clearly evident seriously medical condition covid-19 omicron variant or health needs.

51. Defendant Stephanie McCord ("McCord"), by and through its employees acting in their official and individual capacities, violated Mr. Van Leer's Eighth Amendment Rights to be free from cruel and unusual punishment by their failure or refusal to promulgate, implement, and maintain and / or follow medical policies and procedures designed to provide offenders

and particularly Mr. Van Leer's reasonable, timely, and safe medical treatment procedures for his clearly evident seriously medical, covid-19 omicron variant health needs.

## Cause of Action V.
### Negligence of Behalf of Defendant Stephanie McCord ("McCord")

52. Defendant Stephanie McCord ("McCord"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures to provide reasonable, timely, and safe medical treatment procedures for his clearly evident seriously medical condition for covid-19 omicron variant or health needs.

53. Defendant Stephanie McCord ("McCord"), acting in official and individual capacity was negligent and failed to properly perform medical policies and procedures as to the manner by which an Administrator are to perform their duties.

54. Defendant Stephanie McCord ("McCord"), acting in official and individual capacity was negligent and failed to properly perform duties by not over seeing Centurion Health of Indiana, LLC nursing staff in their duties.

55. Defendant Stephanie McCord ("McCord"), acting in official and individual capacity was negligent and failed to follow protocols for prescribing medication to an individual for covid-19 omicron variant.

56. Defendant Stephanie McCord ("McCord"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures and / or training of its employees in how to provide reasonable, timely, and medical treatment procedures to individuals, and

particularly Mr. Van Leer, in the care, custody and control of the C.I.F. facility and who clearly evidence they have serious "medical covid-19 omicron variant." conditions.

57. Defendant Stephanie McCord ("McCord"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures designed to provide individuals, and particularly Mr. Van Leer, reasonable, timely, and safe "medical covid-19 omicron variant." condition for his clearly evident serious health needs.

58. Mr. Van Leer has been harmed by the Defendant Stephanie McCord ("McCord"), by and through its employees acting in their official and individual capacities was negligent in the course and scope of their duties, by failure to provide a safe medical treatment for covid-19 omicron variant and adequate health needs.

59. Defendant Stephanie McCord ("McCord"), by and through its employees acting in their official and individual capacities was negligent by not providing correct medical treatment to Mr. Van Leer for covid-19 omicron variant..

60. Defendant Stephanie McCord ("McCord"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures and / or training of its employees in how to prescribe medication to individuals for covid-19 omicron variant..

61. Defendant Stephanie McCord ("McCord"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures from the National Health and Medical department.

62. Defendant Stephanie McCord ("McCord"), by and through its employees acting in their official and individual capacity was negligent by being deficient in staffing, its equipment, or its procedures such that Mr. Van Leer was effectively denied adequate measures for treating covid-19 omicron variant and receiving prescription medication.


### Cause of Action VI.
### Negligence of Behalf of Defendant R. Ransom ("Ransom")


63. Defendant R. Ransom ("Ransom"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures to provide reasonable, timely, and safe medical treatment procedures for his clearly evident seriously medical condition for covid-19 omicron variant or health needs.

64. Defendant R. Ransom ("Ransom"), acting in official and individual capacity was negligent and failed to properly perform medical policies and procedures as to the manner by which an Administrator are to perform their duties.

65. Defendant R. Ransom ("Ransom"), acting in official and individual capacity was negligent and failed to properly perform duties by not over seeing Centurion Health of Indiana, LLC nursing staff in their duties.

66. Defendant R. Ransom ("Ransom"), acting in official and individual capacity was negligent and failed to follow protocols for prescribing medication to an individual for covid-19 omicron variant.

67. Defendant R. Ransom ("Ransom"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain

sufficient medical policies and procedures and / or training of its employees in how to provide reasonable, timely, and medical treatment procedures to individuals, and particularly Mr. Van Leer, in the care, custody and control of the C.I.F. facility and who clearly evidence they have serious "medical covid-19 omicron variant." conditions.

68. Defendant R. Ransom ("Ransom"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures designed to provide individuals, and particularly Mr. Van Leer, reasonable, timely, and safe "medical covid-19 omicron variant." condition for his clearly evident serious health needs.

69. Mr. Van Leer has been harmed by the Defendant R. Ransom ("Ransom"), by and through its employees acting in their official and individual capacities was negligent in the course and scope of their duties, by failure to provide a safe medical treatment for covid-19 omicron variant and adequate health needs.

70. Defendant R. Ransom ("Ransom"), by and through its employees acting in their official and individual capacities was negligent by not providing correct medical treatment to Mr. Van Leer for covid-19 omicron variant..

71. Defendant R. Ransom ("Ransom"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures and / or training of its employees in how to prescribe medication to individuals for covid-19 omicron variant..

72. Defendant R. Ransom ("Ransom"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures from the National Health and Medical department.

73. Defendant R. Ransom ("Ransom"), by and through its employees acting in their official and individual capacity was negligent by being deficient in staffing, its equipment, or its procedures such that Mr. Van Leer was effectively denied adequate measures for treating covid-19 omicron variant and receiving prescription medication.

Cause of Action VII.
Negligence of Behalf of Defendant M. Dodd ("Dodd")

74. Defendant M. Dodd ("Dodd"),by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures to provide reasonable, timely, and safe medical treatment procedures for his clearly evident seriously medical condition for covid-19 omicron variant or health needs.

75. Defendant M. Dodd ("Dodd"), acting in official and individual capacity was negligent and failed to properly perform medical policies and procedures as to the manner by which an Administrator are to perform their duties.

76. Defendant M. Dodd ("Dodd"), acting in official and individual capacity was negligent and failed to properly perform duties by not over seeing Centurion of Indiana, LLC nursing staff in their duties.

77. Defendant M. Dodd ("Dodd"), acting in official and individual capacity was negligent and failed to follow protocols for prescribing medication to an individual for covid-19 omicron variant.

78. Defendant M. Dodd ("Dodd"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures and / or training of its employees in how to provide

reasonable, timely, and medical treatment procedures to individuals, and particularly Mr. Van Leer, in the care, custody and control of the C.I.F. facility and who clearly evidence they have serious "medical covid-19 omicron variant." conditions.

79. Defendant M. Dodd ("Dodd"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures designed to provide individuals, and particularly Mr. Van Leer, reasonable, timely, and safe "medical covid-19 omicron variant." condition for his clearly evident serious health needs.

80. Mr. Van Leer has been harmed by the Defendant M. Dodd ("Dodd"), by and through its employees acting in their official and individual capacities was negligent in the course and scope of their duties, by failure to provide a safe medical treatment for covid-19 omicron variant and adequate health needs.

81. Defendant M. Dodd ("Dodd"), by and through its employees acting in their official and individual capacities was negligent by not providing correct medical treatment to Mr. Van Leer for covid-19 omicron variant..

82. Defendant M. Dodd ("Dodd"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures and / or training of its employees in how to prescribe medication to individuals for covid-19 omicron variant..

83. Defendant M. Dodd ("Dodd"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures from the National Health and Medical department.

84. Defendant M. Dodd ("Dodd"), by and through its employees acting in their official and individual capacity was negligent by being deficient in staffing, its equipment, or its procedures such that Mr. Van Leer was effectively denied adequate measures for treating covid-19 omicron variant and receiving prescription medication.

## Cause of Action VIII.
### Negligence of Behalf of Defendant Centurion Health of Indiana, LLC ("Centurion Health of Indiana, LLC,")

85. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures to provide reasonable, timely, and safe medical treatment procedures for his clearly evident seriously medical condition for covid-19 omicron variant or health needs.

86. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), acting in official and individual capacity was negligent and failed to properly perform medical policies and procedures as to the manner by which a medical health care provider are to perform their duties.

87. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), acting in official and individual capacity was negligent and failed to properly perform duties by not over seeing Centurion of Indiana, LLC nursing staff in their duties.

88. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), acting in official and individual capacity was negligent and failed to follow protocols for prescribing medication to an individual for covid-19 omicron variant.

89. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures and / or training of its employees in how to provide reasonable, timely, and medical treatment procedures to individuals, and particularly Mr. Van Leer, in the care, custody and control of the C.I.F. facility and who clearly evidence they have serious "medical covid-19 omicron variant." conditions.

90. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures designed to provide individuals, and particularly Mr. Van Leer, reasonable, timely, and safe "medical covid-19 omicron variant." condition for his clearly evident serious health needs.

91. Mr. Van Leer has been harmed by the Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employees acting in their official and individual capacities was negligent in the course and scope of their duties, by failure to provide a safe medical treatment for covid-19 omicron variant and adequate health needs.

92. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employees acting in their official and individual capacities was negligent by not providing correct medical treatment to Mr. Van Leer for covid-19 omicron variant..

93. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures

and / or training of its employees in how to prescribe medication to individuals for covid-19 omicron variant..

94. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employees acting in their official and individual capacities was negligent in its failure to promulgate, implement, and maintain sufficient medical policies and procedures from the National Health and Medical department.

95. Defendants Centurion Health of Indiana, LLC, ("Centurion Health of Indiana, LLC,"), by and through its employees acting in their official and individual capacity was negligent by being deficient in staffing, its equipment, or its procedures such that Mr. Van Leer was effectively denied adequate measures for treating covid-19 omicron variant and receiving prescription medication.

Cause of Action IX
Declaratory Relief

Mr. Van Leer re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 95 this complaint, as if those statements were fully articulated within this cause of action.

96. A court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

97. Mr. Van Leer seeks the Court to declare that he has been harmed by the Defendants ("Centurion Health of Indiana, LLC"), by and through its employee's actions in the course and scope of their duties by their failure to provide a safe prescription medication and

adequate measures from covid-19 omicron variant to Mr. Van Leer for an evident serious medical condition.

98.    Mr. Van Leer seeks the Court to declare that the Defendants ("Centurion Health of Indiana, LLC") acting in official and individual capacities violated his Eighth Amendment Rights to be free from cruel and unusual punishment by deliberate indifference to his needs, specifically by being grossly deficient in Defendants staffing, its equipment, or its procedures such that Mr. Van Leer was effectively denied timely prescription medication for covid-19 omicron variant condition

99.    Mr. Van Leer seeks the Court to declare that the Defendants ("Centurion Health of Indiana, LLC") violated his Eighth Amendment Rights to be free from cruel and unusual punishment by deliberate indifference to his needs. Which resulted in his injuries, specifically by failure or refusal to promulgate, implement, maintain and / or follow medical policies and procedures in how to prescribe medication for covid-19 omicron variant.

100.    Mr. Van Leer seeks the Court to declare that the Defendants ("Centurion Health of Indiana, LLC") by and through its employees violated his Eighth Amendment Rights to be free from cruel and unusual punishment by their failure or refusal to promulgate, implement, maintain and / or follow medical policies and procedures designed to provide individuals, particularly Mr. Van Leer, reasonable and timely safe prescription of medication and medical needs.

101.    Mr. Van Leer seeks the Court to declare that Defendants ("Centurion Health of Indiana, LLC") acting in official and individual capacities was negligent by failure to promulgate, implement, and / or enforce medical policies and procedures as to the manner by which a medical company are to perform their duties.

102.    Mr. Van Leer seeks the Court to declare that the Defendants ("Centurion Health of Indiana, LLC") was negligent by being deficient in its staffing, its equipment, or its procedures such that Mr. Van Leer was effectively denied timely access for prescription medication and prevention measures from covid-19 omicron variant as to adequate medical conditions.

103.    Mr. Van Leer seeks the Court to declare that Defendants ("Centurion Health of Indiana, LLC") by and through its employees acting in their official capacities was negligent in its failure to follow medical policies and / or procedures designed to provide individuals and particularly Mr. Van Leer, reasonable and timely prescription medication procedures for his clearly evident serious condition and medical needs.

104.    Mr. Van Leer seeks the Court to declare that Defendants ("Centurion Health of Indiana, LLC") acting in official and individual capacity was negligent by failure to promulgate, implement, and maintain sufficient medical policies, procedures and / or training of employees in how to prescribe medication for covid-19 omicron variant use guidelines for prevention and controlling a seriously harmful and deadly virus.

105.    Mr. Van Leer seeks the Court to declare that Defendants ("Centurion Health of Indiana, LLC") was negligent and failed to follow medical protocols for the seriously harmful and deadly covid-19 omicron variant.

106.    Mr. Van Leer seeks the Court to declare that he has been harmed by the Defendants ("Centurion Health of Indiana, LLC"), by and through its employee's actions in the course and scope of their duties by their failure to provide a safe prescription medication and adequate measures from covid-19 omicron variant to Mr. Van Leer for an evident serious medical condition.

## VII.                     <u>GENEARL CAUSATION AND DAMAGES</u>

107.    As a direct and proximate result of the foregoing Causes of Action, Mr. Van Leer has suffered

and continues to suffer irreparable injuries relating to losses of income, property, and wealth

and injury to physical and emotional health and genera well-being.

108.    As a direct and proximate result of the foregoing counts. Mr. Van Leer has suffered damages

as stated herein and in an amount to be proven at trial, plus an appropriate amount for his

emotional pain and suffering, and punitive damages to be determined.

## VIII.                        <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Mr. Van Leer, prays this Court grant relief against the named

Defendants under his claims as asserted above in the following manner including but not

limited to:

a)    An award of full, fair and adequate compensation for all injuries, damages and

losses sustained and for costs herein laid out and expended;

b)    An award of punitive damages in an amount sufficient to deter Defendants from the

conduct complained of herein;

c)    Declaratory relief as sought herein;

d)    An award of reasonable attorney's fee incurred as a result of this litigation;

e)    Pre and Post Judgment interest, and

f)    For all other necessary and proper relief in the premises.

IX.                    **DEMAND FOR JURY**


Comes now Plaintiff, Mr. Van Leer, respectfully requests a trial by jury as to all claims asserted herein.


Respectfully Submitted

Mr. Kevin Van Leer # 912867
C.I.F.
5124 W. Reformatory Rd.
Pendleton In. 46064.


### CERTIFICATE OF SERVICE

I, Kevin Van Leer, do hereby swear under penalty for perjury that on this 4 day of March, 2022, I served a true and correct copy of the foregoing motion, upon the United States District Court, Southern District of Indiana, 46 Ohio Street, 105 Courthouse, Indianapolis, In. 46204 by placing same in a properly addressed envelope, with sufficient first-class postage attached, and depositing same in a mailing container at the Correctional Industrial Facility's Law Library for prompt processing and mailing by authorized institutional officials.


Respectfully Submitted

Mr. Kevin Van Leer # 912867
5124 W. Reformatory Rd.
Pendleton, In. 46064